McGuane, J.
This is an action of contract to recover a deficiency balance allegedly due under a motor vehicle lease dated April 11, 1979, executed by Mathieu Ford Sales, Inc., lessors and Windon Restaurant, Inc. as lessee, of which lease the plaintiff, Ford Motor Company is the assignee. The plaintiff seeks to recover a deficiency balance of $1,022.96 against Windon Restaurant, Inc. on Count I and the same amount against defendant, Robert B. Terrien, in Count II.
At trial the parties stipulated that:
1. The plaintiff, Ford Motor Credit Company, was the assignee and holder of the lease in issue; a complete, accurate and admissible copy of which was attached to the complaint.
2. That Mathieu Ford Sales, Inc. was the lessor and assignor of the lease.
3. That the defendant, Windon Restaurant, Inc., was lessee of the 1979 Mercury; the defendant, Robert B. Terrien, was the guarantor of the lease.
4. That $1,002.96 was a correct calculation of the unpaid lease account balance and the amount to which the plaintiff was entitled if the Court found for the plaintiff.
The plaintiff in this action is the holder of a written lease signed by the defendant, Windon Restaurant, Inc. and Robert B. Terrien as guarantor.
This appeal presents for resolution the issue of whether a buyer or leasee for other than consumer goods may sign and be bound by the waiver of defenses in a note as were the facts in this case.[2] See G. L. c. 106, § 9-206 of U.C.C.
At trial, however, the Trial Court allowed the defendant to raise defenses against the plaintiff that were waived in the note and by allowing such defenses the plaintiff claims that the Court committed reversible error.
The U.C.C. states that unless the buyers or lessees are dealing in consumer goods or some other statute sets a different rule that the waiver of defenses is validly binding on the parties thereto.
The Court in this case allowed the introduction of defenses by the defendant *30 in violation of this statute and this was prejudicial error.
Having found prejudicial error we need go no further, the decision of the Trial Court is vacated and the Clerk is ordered to enter judgment for the plaintiff on both Counts in the amount of $1,002.96.

Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the Article on Commercial Paper (Article 3). A buyer who as part of one transaction signs both a negotiable instrument and a security agreement makes such an agreement.